UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TEACHERS INSURANCE COMPANY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No:　6:13-cv-1533-Orl-40TBS

FULMER, LEROY, ALBEE & BAUMANN,
P.L.C., JASON MOUSSA and MICHAEL
W. LEROY,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff Teachers Insurance Company's Motion to Compel Depositions (Opposed) and Motion for Extension of Time for the Discovery Deadline (Unopposed). (Doc. 40). In the motion, Plaintiff asks the Court to compel Defendants Jason Moussa and Michael Leroy to appear for their depositions, and to extend the discovery deadline by thirty days from November 4, 2014 to December 4, 2014, "to allow for the [Defendants'] depositions and any depositions needed following these critical depositions." (Id., ¶¶ 8). The motion is due to be **denied without prejudice**.

Plaintiff filed this legal malpractice action against Moussa, Leroy, and their law firm, Fulmer, Leroy, Albee & Bauman, P.L.C., on October 3, 2013. (Doc. 1). Defendants answered the complaint, and on May 30, 2014, the Court entered a Case Management and Scheduling Order ("CMSO"). (Doc. 25). The CMSO set the following deadlines: Mandatory Initial Disclosures: June 30, 2014; Disclosure of Plaintiff's Expert Reports: September 4, 2014; Disclosure of Defendants' Expert Reports: October 1, 2014;

Discovery Deadline: November 4, 2014; Dispositive Motions Deadline: December 4, 2014.   (Id.).

Between August 27 and October 7, 2014 Plaintiff's counsel sent six emails to Defendant's counsel inquiring about Defendants' availability for depositions.   (Doc. 40, pp. 17-19).   On October 8, Defendants' counsel responded, stating that "Mr. Leroy ... is jammed right now for the month of November.   However, we are going to try and work it out for the 2nd or 3rd week in November, which will still have to be approved by Mr. Leroy."  (Id., p. 20).   Defendants' counsel also said he had "spoken with Mr. Moussa" and was "awaiting his response in regards to his availability."   (Id.).

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination.   "A party who wants to depose a person by oral questions must give reasonable written notice to every other party.   The notice must state the time and place of the deposition and, if known, the deponent's name and address."   FED. R. CIV. P. 30(b)(1).   Rule 37(d)(1)(A)(i) allows a court impose sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition."   Plaintiff's motion to compel must be denied because Plaintiff has not served notices of taking Moussa and Leroy's depositions.   See Dang ex rel. Dang v. Eslinger, Civ. No. 6:14-cv-37-Orl-31TBS, 2014 WL 3611324, at *1 (M.D. Fla. July 22, 2014).

The Court's decision to deny the motion to compel negates the need for the requested extension of time to complete discovery.   Additionally, Rule 16(b)(4) requires a showing of "good cause" to modify deadlines in a scheduling order, and "[m]ere stipulations by the parties do not constitute good cause."[1]   Hernandez v. Mario's Auto

---

[1] Plaintiff's memorandum of law fails to discuss the standard for modifying a scheduling order. (See Doc. 40, pp. 3-4).

- 2 -

<u>Sales, Inc.</u>, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009). Plaintiff has failed to show good cause for extending the discovery deadline. Accordingly, Plaintiff's motion is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on October 10, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

Case 6:13-cv-01533-PGB-TBS Document 41 Filed 10/10/14 Page 3 of 3 PageID 370